## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*************

BLUEBEARD'S CASTLE VILLAS I,    )
           )
        **Plaintiff,**      )    **CASE NO. ST-2018-CV-00765**
           )
    **-vs-**           )    **ACTION FOR PARTITION AND**
           )    **DECLARATORY JUDGMENT**
**ST. HAM MANAGEMENT, LLC, et al.,**   )
           )
        **Defendants.**    )

Cite as: 2022 VI Super 19U

## MEMORANDUM OPINION AND ORDER

¶1    Pending before the Court are:

1. Motion to Intervene and Memorandum of Law in Support of Bluebeard's Castle Hilltop Villas, Bluebeard's Castle Hilltop Villas III, Bluebeard's Castle Pirates Pension and Great Vistas, LLC, filed on December 30, 2019;

2. Plaintiff's Opposition to Motion to Intervene, filed on January 13, 2020; and

3. Intervening Claimants' Reply to Opposition to Motion to Intervene, filed on February 3, 2020.

¶2    For the reasons set forth below, the Motion to Intervene and Memorandum of Law in Support, filed on behalf of Bluebeard's Castle Hilltop Villas, Bluebeard's Castle Hilltop Villas III, Bluebeard's Castle Pirates' Pension and Great Vistas, LLC, on December 30, 2019 (the "Motion"), will be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

¶3    Plaintiff was created by a Master Deed and Declaration of Condominium Establishing Bluebeard's Castle Villas I, consisting of real property located at Parcels Nos. 1 and 2 of Tract 1 Estate Taarneberg, Kings Quarter, St. Thomas, U. S. Virgin Islands and Parcel No. 3 of Tract 1 of Estate Taarneberg, Kings Quarter, St. Thomas, U. S. Virgin Islands (the "Property").[1]

---

[1] Pl. Compl. ¶ 3.

*Bluebeard's Castle Villas I v. St. Ham Management, LLC, et al.*
Case No. ST-2018-CV-00765
Memorandum Opinion and Order
Page 2 of 9

2022 VI Super 19U

¶4     Plaintiff constitutes the association of interval unit owners for Bluebeard's Castle Villas I Condominium[2] acting through its Board of Directors.[3]

¶5     The duly recorded Master Deed and Declaration of Condominium Property describe and include "…certain non-exclusive easements for utility services and other open and recreational areas…and a duly recorded, non-exclusive easement for use of Open Areas and Recreational Facilities…" which are also part of the instant partition action.[4]

¶6     Plaintiff's Association operates and manages the Bluebeard's Villas I Condominium.[5] Plaintiff filed the instant action for partition on behalf of two or more apartments owners of Villas I pursuant to 28 V.I.C. § 926.

¶7     Bluebeard's Castle Villas I Master Deed and Declaration provides:

> In the event of casualty loss or damage to the Condominium Property, the Board of Directors of the Association ("Board of Directors") shall be responsible for applying the proceeds of all casualty insurance to the repair or reconstruction of the Condominium Property in accordance with the provision of this article. Reconstruction or repair shall be mandatory unless two-thirds (2/3) or more of the Condominium Property is destroyed or substantially damaged as determined by the Board of Directors. In such event, the insurance proceeds received by the Board of Directors shall be distributed pro rata to the Unit Week Owners and their mortgagees jointly in proportion to their respective interests in Common Elements, unless otherwise unanimously agreed upon by the Unit Week Owners. *The remaining portion of the Condominium Property in such even shall be subject to an action for partition at the suit of any Unit Week Owners or lienor as if owned in common.* In the event of suit for partition, the net proceeds of sale, together with the net proceeds of insurance policies, shall be considered one fund and distributed pro-rata among all Unit Week Owners and their mortgagees, jointly in proportion to their respective interest in Common Elements.[6]

¶8     On September 6, 2017, Hurricane Irma struck the U. S. Virgin Islands as a Category 5 hurricane causing catastrophic damage to Bluebeard's Castle Villas I's Condominium Property.[7]

¶9     On September 19, 2017, Hurricane Maria, another Category 5 hurricane, struck the U. S. Virgin Islands and caused further substantial damage to Bluebeard's Castle Villas I's Condominium Property.[8]

---

[2] Pl. Compl. ¶ 1147.

[3] Pl. Compl. ¶ 3.

[4] Pl. Compl ¶ 1150.

[5] Pl. Compl. ¶ 1151.

[6] Pl. Compl. ¶ 1152 and Mot. to Intervene and Memo. of Law in Supp., Ex. A. (emphasis supplied.)

[7] Pl. Compl. ¶ 1153.

[8] Pl. Compl. ¶ 1154.

*Bluebeard's Castle Villas I v. St. Ham Management, LLC, et al.*
Case No. ST-2018-CV-00765
Memorandum Opinion and Order
Page 3 of 9

2022 VI Super 19U

¶10     Bluebeard's Castle Villas I Board of Directors "engaged expert consultants to evaluate the extent of the damage to the Condominium Property caused by the September 2017 Hurricanes, and after duly considering the matter, the Board determined that two-thirds (2/3) or more of the Condominium Property had sustained destruction or substantial damage."[9]

¶11     The Board of Directors submitted and concluded an insurance claim for the damage to the Condominium Property sustained by Hurricane Irma, and the proceeds of such claim are being held by the Board, as Insurance Trustee, in a trust account, as required by the Declaration."[10]

¶12     As of 2018, Bluebeard's Castle Villas I also has a pending and currently unresolved claim for additional damage to the Condominium Property sustained in Hurricane Maria. Any resulting settlement proceeds will be held in trust to be distributed on a pro-rata basis to the United Week Owners and their mortgagees in accordance with the Declaration.[11]

¶13     Plaintiff filed the instant action on behalf of two or more apartments owners of Villas I for partition pursuant to 28 V.I.C. § 926. Plaintiff's Complaint names the various Unit Week Owners as defendants who hold undivided interests in the Condominium Property.

¶14     On May 30, 2019, default was entered against all Defendants who had returned waivers of service of the summons and complaint.

¶15     Only Wyndham St. Thomas, Inc. filed an answer to the Complaint on February 28, 2019,[12] and by September 4, 2019, default was entered against all other Defendants whether served by publication or otherwise.

¶16     On December 18, 2019 Judgment for Partition by Sale was issued in favor of Villas I on its Complaint seeking partition and sale of the Property. The Judgment for Partition by Sale also ordered that the Property be partitioned by sale in accordance with 28 V.I.C. §§ 451-497. Twelve days later on December 30, the Claimants filed their Motion to Intervene.

¶17     An Order Appointing Referee was issued on December 18, 2019, thereby clearing the way for a sale of the Condominium Property and a distribution of the proceeds.

¶18     On June 10, 2020, the Claimants filed, with the Court, a June 9, 2020 letter from the Government of the Virgin Islands Department of Public Works to Plaintiff's counsel giving notice that the Commissioner of Public Works will be conducting an investigation "next week in reference to" a Petition to Declare Dwelling Unfit for Habitation re Bluebeard's Castle Villas I. The letter goes on to state that the Commissioner will be conducting an investigation and then a

---

[9] Pl. Compl. ¶ 1155.

[10] Pl. Compl. ¶ 1156.

[11] Pl. Compl. ¶ 1157.

[12] On February 5, 2019,Defendant Brian E. Hogue filed a pro se Notice of Appearance, but he did not respond to or otherwise answer the Complaint.

hearing to allow proponents and opponents to present their positions on what should be done with Plaintiff's Property.

¶19    The Claimants seek to intervene in the instant matter on the grounds that the partition and sale of the Property known as Bluebeard's Castle Villas I "would result in the obstruction of and interference with the Intervening Claimants' rights in said property if not properly protected."[13] The Claimants argue that they need to intervene in the instant action in order to "adjudicate their interests held in the property that is the subject of this case as well as the adjudication of other permissive claims allowed by V.I.R.Civ.P. 13(b)."[14]

## II.    LEGAL STANDARD FOR MOTION TO INTERVENE

¶20    Virgin Islands Rule of Civil Procedure 24 governs motions to intervene. A person or entity can intervene as a right or pursuant to a court's discretion. V.I. R. Civ. P. 24 (a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To determine if an application for intervention as a right should be granted, the Court must consider the following four requirements that must be met: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.[15] The applicant bears the burden of persuading the court that each element has been met.[16]

¶21    V.I. R. Civ. P. 24(b)(1)(B) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." When exercising its discretion under Rule 24(b)(1)(B), a "court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[17]

## III.    ANALYSIS

### A. Timeliness of Claimants' Rule 24 Motion.

¶22    The Supreme Court of the Virgin Islands has instructed that determining the timeliness of an application for intervention requires a review of the totality of the circumstances.[18] "Whether the litigation has reached a stage that is too advanced for a motion to intervene to be deemed timely

---

[13] Mot. to Intervene 4.

[14] Mot. to Intervene 4.

[15] *Anthony v. Indep. Ins. Advisors, Inc.*, 56 V.I. 516, 526 (V.I. 2012) ("*Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir. 1987)).

[16] *Id.*

[17] V.I. R. Civ. P. 24(b)(3).

[18] *Anthony*, 56 V.I. at 527.

*Bluebeard's Castle Villas I v. St. Ham Management, LLC, et al.*
Case No. ST-2018-CV-00765
Memorandum Opinion and Order
Page 5 of 9

2022 VI Super 19U

depends on the circumstances of each particular case."[19] Adopting the analysis provided by the U.S. Court of Appeals for the Third Circuit, the V.I Supreme Court held that a court should consider the following three factors: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.[20] While "[t]he mere passage of time does not render an application untimely,"[21] "the later in the proceedings the motion [to intervene] comes, the more compelling the justification for that delay must be."[22]

### 1. Stage of the Proceeding.

¶23 Claimants' Motion was filed after the December 18, 2019 Judgment for Partition by Sale was issued in favor of Villas I on its Complaint seeking partition and sale of the Property. As required by statute, a judgment for partition for sale can only be entered after a determination is made of the respective percentage interest of each party to the action.[23] Therefore, contrary to the Claimants' argument, significant work by the Plaintiff had been undertaken with service of process on over 1,100 Defendants, a decision on the merits of Plaintiff's case had been made and a referee appointed before they filed the Motion.

¶24 Given the nature of the instant partition matter, which is controlled entirely by statute, and the fact that none of the Defendants filed an objection, there was no discovery conducted in this matter. Claimants' action for breach of contract and nuisance would certainly require discovery and would have added to the delay of these proceedings. The end result would be to prolong the process of partition by sale to a buyer who could rebuild or rehabilitate the Property. In short, the Court finds that the Claimants' Motion is prejudicial to Plaintiff's Board of Directors who have who have elected to proceed with the instant action according to its Master Deed and Declaration on behalf of the current owners.

### 2. Prejudice that delay may cause the parties.

¶25 In further support of their argument that their Motion was timely, Claimants argue that the "prejudicial impact on existing parties from the delay in bringing this Motion to Intervene is *de minimus.*" Once again, Claimants rely upon their erroneous characterization of the partition proceedings that the argument that "no decisions on the merits of Plaintiff's case [have] been made by this Court."

¶26 In their Reply, Claimants stated that they "were not aware of the Orders entered by this Court on December 18, 2019 appointing a referee and for Judgment for Partition by Sale at the time the Motion to Intervene was filed."[24] As justification for their delay, Claimants repeat their prior arguments that they were involved "in a considerable task of reconstructing and rebuilding

---

[19] *Id.* at 528.

[20] *Id.* at 527.

[21] *Id.* at 527.

[22] *Id.* at 528.

[23] Title 28 V.I.C. § 451.

[24] Pl.'s Reply to Opp. to Mot. to Intervene 1-2.

*Bluebeard's Castle Villas I v. St. Ham Management, LLC, et al.*
Case No. ST-2018-CV-00765
Memorandum Opinion and Order
Page 6 of 9

2022 VI Super 19U

multiple residential buildings and common areas and amenities."[25] The record in this matter indicates that the Claimants were, at a minimum, put on notice of the progression of this matter when the Summons was published on line in the *Virgin Islands Source* beginning June 12, 2019 through July 3, 2019.[26] On May 30, 2019, default was entered against all Defendants who had returned waivers of service of the summons and complaint.

¶27     In this matter, none of the Defendants objected to the instant action for partition. As a result, there was no discovery conducted. Claimants' actions for breach of contract would certainly require discovery and would have further added to the delay of these proceedings. The end result would be to prolong the process of partition by sale to a buyer who could rebuild or rehabilitate the Property. In short, the Court finds that the Claimants' Motion is prejudicial to the current owners who have exercised their options provided for in the Master Deed and Declaration, i.e., to dispose of the Property by partition.

¶28     The Claimants argue that they would be prejudiced if intervention is denied because they "share interests in the property owned by Villas-1 that is the primary subject of this action for partition."[27] According to Claimants, "[t]hese interests include, but are not limited to, access to and use of water collection, storage and distribution systems, roadways, power lines, cable line, and sewer systems."[28] The Property is also "subject to certain easements, covenants and restrictions contained in the Master Deed."[29] "[T]here are also contractual obligations contained within the Great Vistas, LLC Operating Agreement and the Shared Use and Expense Agreement." As a result, the Claimants seek "adjudication of their property interests in this action *before* the property is sold to any other person or entity."[30] The Court finds this declaration of the Claimants' goal an admission that their intervention will delay the instant action for partition.

### 3.     Reason for the delay.

¶29     With respect to the timeliness of their Motion, Claimants state that they "became aware of the Plaintiff's Complaint for Partition in December of 2018."[31] The excuse for Claimants' lack of action for a year is that they had "been involved in the considerable task of reconstructing and rebuilding multiple residential and commercial buildings, common areas and amenities."[32] As pointed out by the Plaintiff, the Claimants have been on notice of this case since the eve of its filing and, therefore, they "fail the most basis test of timeliness for a motion to intervene."[33] The Court does not find this to be a compelling reason for delay inasmuch as the Plaintiff used the time

---

[25] Pl.'s Reply to Opp. to Mot. to Intervene 2.

[26] Pl.'s Not. of Filing Aff. of Pub. (July 12, 2019).

[27] Mot. to Intervene and Memo. of Law in Supp. 8.

[28] Mot. to Intervene and Memo. of Law in Supp. 8.

[29] Mot. to Intervene and Memo. of Law in Supp. 8.

[30] Mot. to Intervene and Memo. of Law in Supp. 8 (emphasis supplied).

[31] Mot. to Intervene and Memo. of Law in Supp. 6.

[32] Mot. to Intervene and Memo. of Law in Supp. 6.

[33] Pl.'s Opp. to Mot. to Intervene 5.

*Bluebeard's Castle Villas I v. St. Ham Management, LLC, et al.*
Case No. ST-2018-CV-00765
Memorandum Opinion and Order
Page 7 of 9

2022 VI Super 19U

to have the Property evaluated by experts to determine the extent of the damage and then proceeded to exercise its rights under the Master Deed and Declaration on behalf of the current owners.

¶30    A review of the totality of the circumstances compels this Court to find that the Claimants' Motion was not made on a timely basis.

### B.    Claimants do not have a sufficient interest to justify intervention in the instant partition action.

¶31    In support of their Motion to Intervene, Claimants rely upon the Petition to Declare Dwelling Unfit for Habitation re Bluebeard's Castle Villas I and an investigation by the V.I. Department of Public Works regarding same. Plaintiff argues that this Petition is a "self-contained legal request to an executive branch agency which does not require this court to take any action whatever."[34] The Court finds that the Petition submitted to the Commissioner of Public Works is a separate and distinct administrative matter that is independent of the instant partition action and is not a sufficient basis for intervention by the Claimants. In fact, it appears to be counterproductive to a timely partition by sale to a single entity who may be able to restore the Property faster than 1,140 fractional interests managed by a board of directors.

### C.    Claimants' interest will not be affected or impaired, as a practical matter, by the disposition of the instant partition action.

¶32    Great Vistas, LLC's Operating Agreement and the Shared Use and Expense Agreement contain mandatory dispute resolution provisions.[35] As of the date of Plaintiff's Opposition to Motion to Intervene, the Claimants had not yet made a demand to proceed under the dispute resolution mechanisms[36] for what they argue are "ripe" claims for breach of the Operating Agreement and breach of the Shared Use and Expense Agreement and private nuisance. In short, the Claimants are required to protect their interests in the enforcement of Great Vistas, LLC's Operating Agreement and the Shared Use and Expense Agreement by following the provisions for negotiation, mediation and arbitration.

¶33    On June 10, 2021, Great Vistas, LLC filed a Petition to Compel Arbitration against Plaintiff Bluebeard's Castle Villas I in *Great Vistas, LLC v. Bluebeard's Castle Villas I*, Case No. ST-2021-CV-00218. The Petition to Compel Arbitration relies upon the same Operating Agreement that the Claimants rely upon to intervene in the instant partition action. Case No. ST-2021-CV-00218 documents and confirms that Great Vistas, LLC, one of the Claimants herein, has other means of protecting its interests and claims other that intervening in an ongoing action for partition.

---

[34] Pl.'s Opp. to Mot. to Intervene 1-2.
[35] Ex. B at 11 and Ex. C at 7, Mot. to Intervene and Memo. of Law.
[36] Pl.'s Opp. to Mot. to Intervene 7-8.

*Bluebeard's Castle Villas I v. St. Ham Management, LLC, et al.*
Case No. ST-2018-CV-00765
Memorandum Opinion and Order
Page 8 of 9

2022 VI Super 19U

### D. Claimants' interests are such that they do not require representation in the instant partition action.

¶34    Claimants raise other factors in support of their Motion to Intervene. First, they refer to their "causes of action for damages against the Plaintiff that are ripe for adjudication." Claimants argue that these causes of action c described as a breach of the "Operating Agreement, breach of the Shared Use and Expense Agreement and private nuisance."[37] In response, the Plaintiff argues that "...the present motion and proposed complaint are foreclosed by the Movant's violation of the requirements of the very agreements they rely upon, which both contain mandatory dispute resolution provisions the Movants have violated."[38]

¶35    Claimants fear that disbursement of the insurance proceeds will results in a dissipation of assets. In response, Plaintiff argue that they have not received a demand to proceed under the dispute resolution mechanisms and that "this motion to intervene and the related proposed complaint give every indication of being an effort to accomplish pre-judgment attachment, disguised as something else."[39]

¶36    Second, the Claimants question the accuracy of the description and identification of some of the individual owners which they argue impacts the fairness of the case. The Court does not find this a compelling justification to grant Claimants' Motion to Intervene.

¶37    Third, the Claimants argue that their shared "interests in the property owned by Villas-1" is a sufficient reason to allow them to intervene and that "the existing parties in this action do not adequately protect the interests of the Intervening Claimants."[40] This "shared interest" does rise to the level of an interest in real property governed by the Virgin Islands Code on Action for Partition of Real Property.[41] With respect to the shared easements referenced by the Claimants as grounds for intervention, any buyer will take title to the Property subject to any properly recorded appurtenant easements.[42]

## IV.    CONCLUSION

The Court finds that the Claimants' Motion is untimely and fails to offer compelling reasons for their waiting a year to file their Motion which was filed after entry of judgment and appointment of a referee. As observed by the Plaintiff, "...it is ironic that the very intervention and consequent delay the motion seeks would delay the objective they claim to seek —reconstruction, repair or demolition of the buildings—something that will certainly follow a sale to a buyer at the

---

[37] Mot. to Intervene and Memo. of Law in Supp. 9.

[38] Pl.'s Opp. to Mot. to Intervene 7-8.

[39] Pl.'s Opp to Mot to Intervene 9.

[40] Mot. to Intervene 12.

[41] 28 V.I.C. § 451.

[42] *Terryhill Enterprises VI, LLC v. Daly*, Super. Ct. Civ. No. ST-2001-CV-165, 2015 WL 13894704, at *6 (V.I. Super. Ct. Apr. 13, 2015).

*Bluebeard's Castle Villas I v. St. Ham Management, LLC, et al.*
Case No. ST-2018-CV-00765
Memorandum Opinion and Order
Page 9 of 9

2022 VI Super 19U

partition sale, as that person or entity or entity will certainly invest in the purchase with a plan to use the property in a beneficial manner."[43]

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Intervene and Memorandum of Law in Support, filed on December 30, 2019, is **DENIED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Attorney W. Mark Wilczynski; Attorney Maria Tankenson Hodge (Hodge & Hodge) and Attorney Chad C. Messier (Dudley, Newman & Feuerzeig, LLP).

DATED: 2/16/2022

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY:
**DONNA D. DONOVAN**
Court Clerk Supervisor: 2/17/2022

---

[43] Pl.'s Opp. to Mot. to Intervene 6.